Filed 6/14/24  P. v. Meza CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B329872 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA054914) |
| v. | |
| BRAYAN MARTIN MEZA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Reversed and remanded.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court denied the third petition filed by Brayan Martin Meza (defendant) for resentencing under Penal Code section 1172.6[1] without an evidentiary hearing. Because, under recent Supreme Court precedent, the standard CALCRIM No. 401 instruction for direct aiding and abetting is effectively deemed to permit conviction on the basis of imputed malice, we must reverse the decision below and remand for an evidentiary hearing.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *Underlying crime*[2]

Defendant belonged to the "Westside Playboys" street gang, and Carlos Sotello (Sotello) belonged to the "Down As Fuck" street gang. The two gangs were allies. Sotello decided to pick two fist fights with David Hendricks (Hendricks), and lost both of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, section 1170.95 was renumbered section 1172.6 (Stats. 2022, ch. 58, § 10). For simplicity's sake, we will refer to the section by its new numbering.

[2] These facts are drawn from the prior two appellate decisions in this case—namely, the 2015 opinion affirming defendant's conviction (*People v. Meza* (Mar. 5, 2015, B250365) [nonpub. opn.]), and the 2021 opinion affirming the denial of one of defendant's prior petitions for resentencing under section 1172.6 (*People v. Meza* (Aug. 12, 2021, B307736) [nonpub. opn.]).

them.  After losing the first time, Sotello walked away; after losing the second, he got a gun from defendant and shot Hendricks dead.

**B.** *Prosecution, conviction, sentence, and appeal*

The People charged defendant with Hendricks's murder (§ 187).  The People further alleged that the murder was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(4)), and that a principal in the crime personally discharged a firearm causing death (§ 12022.53, subds. (d) & (e)(1)).

At trial, and as pertinent here, the jury was instructed on the elements of (1) murder, including murder committed by implied malice; and (2) direct aiding and abetting.  The jury convicted defendant of second degree murder and found both the gang and firearms allegations to be true.

The trial court sentenced defendant to prison for 40 years, comprised of 15 years to life for the murder and 25 years to life for the firearm enhancement.  The court stayed the gang enhancement.

Defendant appealed, and this court affirmed the conviction and sentence.  (*People v. Meza* (Mar. 5, 2015, B250365) [nonpub. opn.].)

**C.** *Prior section 1172.6 petitions*

Defendant filed two prior petitions for resentencing pursuant to section 1172.6.  The trial court summarily denied each petition without appointing counsel.  Defendant appealed one of them, and we affirmed.  The Supreme Court granted review, and remanded for further consideration in light of its decision in *Lewis v. Superior Court* (2021) 11 Cal.5th 952 (*Lewis*).  On remand from the Supreme Court, we reaffirmed the summary

3

denial after finding that the failure to appoint counsel was harmless because defendant's petition lacked merit as a matter of law, as his jury had never been instructed on the now-potentially invalid theory of felony murder or the now-invalid theory of natural and probable consequences. (*People v. Meza* (Aug. 12, 2021, B307736) [nonpub. opn.].)

## II. Procedural Background

On January 3, 2022, defendant filed a third petition seeking relief under section 1172.6. The trial court appointed counsel for defendant. After a full round of briefing and a hearing, the trial court denied the petition without an evidentiary hearing. The court reasoned that defendant was not entitled to relief as a matter of law because the jury was never instructed on the theory of felony murder, the natural and probable consequences theory, or "any other theory of culpability that impute[s] malice."

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying his section 1172.6 petition without an evidentiary hearing because the jury instructions did not foreclose the possibility that the jury convicted him on the basis of imputed malice.

As pertinent here, section 1172.6 is the procedural vehicle through which defendants convicted of murder can seek to vacate their convictions if they rest on a theory that *imputes* malice to the defendant (rather than requiring a showing that the defendant *personally harbored* the requisite malice). Initially, our Legislature invalidated only those convictions that rested on a felony murder theory or on the theory of natural and probable consequences—unless the defendant was shown to have been the

4

actual killer or personally acted with express or implied malice. (Former § 1170.95, subd. (a).) In 2022, our Legislature expanded the reach of section 1172.6 to invalidate murder convictions that rest on "any theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (Sen. Bill No. 775 (2021-2022 Reg. Sess.); Stats. 2021, ch. 551, § 1.)

In assessing whether a defendant seeking relief under section 1172.6 is entitled to an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask "'"whether the petitioner would be entitled to relief if [those] allegations were proven."'" (*Lewis, supra*, 11 Cal.5th at p. 971.) "'However, if the record, including the court's own documents [from the record of conviction, including the jury instructions,] "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner"'" and denying the petition without an evidentiary hearing. (*Ibid.*) Where, as here, we are reviewing the jury instructions in the record of conviction, our review is de novo. (*People v. Reyes* (2023) 14 Cal.5th 981, 988 (*Reyes*).)

Because it is undisputed that defendant's jury was never instructed on the theories of felony murder or natural and probable consequences, the sole question before us is whether the standard CALCRIM jury instructions for murder and direct aiding and abetting given in this case foreclose the possibility that defendant's murder conviction rests on *imputed* malice.

At least one court has concluded that these very same standard CALCRIM jury instructions make it possible for a jury to convict a defendant of implied malice murder based on *imputed* malice. (*People v. Powell* (2021) 63 Cal.App.5th 689, 713 (*Powell*).) Although the standard CALCRIM instruction for direct

5

aiding and abetting turns on whether the aider and abettor knew the actual perpetrator intended to commit "the crime," and whether they intended to aid and abet the perpetrator in committing "the crime" (CALCRIM No. 401), *Powell* construed that language as requiring only proof that the aider and abettor knew that the actual perpetrator intended to commit a "life endangering *act*" that gives rise to liability for implied malice murder as well as proof that the aider and abettor intended to aid and abet that "act." (*Powell*, at p. 713.) This seems inconsistent with a plain reading of the jury instructions which hinge aider and abettor liability on the aider and abettor's knowledge and intent to aid "the crime"—not "the act." It also seems inconsistent with multiple, longstanding pronouncements from our Supreme Court that a direct aider and abettor "'share[s] the specific intent of the [actual] perpetrator'"—and thus that a conviction does not rest on *imputed* malice—as long as the aider and abettor "'knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of *the crime*.'" (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118, italics added; *People v. Maciel* (2013) 57 Cal.4th 482, 518; *People v. Beeman* (1984) 35 Cal.3d 547, 560.)

However, our Supreme Court in *Reyes* adopted *Powell*'s reading of the standard CALCRIM jury instructions. (*Reyes*, *supra*, 14 Cal.5th at pp. 991-992.) In so doing, the court either implicitly found no conflict with its prior precedent or implicitly overturned it. Either way, *Powell*'s reading of the standard CALCRIM instructions is binding and obligates us to conclude that those instructions do not foreclose the possibility that defendant's murder conviction rests on imputed malice. Because

6

the instructions given at his trial do not foreclose that possibility *as a matter of law*, defendant is entitled to an evidentiary hearing where the People bear the burden of proving that he is guilty of directly aiding and abetting the implied malice murder *as a matter of fact*.

The People argue that defendant is procedurally foreclosed from filing his third section 1172.6 petition because he already filed two prior petitions asserting the same claim. But he did not. The prior petitions were brought before the January 1, 2022 amendments that expanded the scope of section 1172.6. Defendant was not barred from pursuing relief on the basis of this expansion.

## DISPOSITION

The order is reversed and remanded for an evidentiary hearing.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ


7